IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHON THOMAS, : <br> : <br> Plaintiff, : <br> : Civil Action Number: <br> vs. : <br> : <br> GREASE GUARD, LLC d/b/a : <br> ROOFTOP SOLUTIONS and : <br> PATRICK MOLLOY, : <br> : <br> Defendants. : | |

## COMPLAINT

Plaintiff Jonathon Thomas (hereafter "Mr. Thomas) by and through the undersigned counsel and pursuant to Fed. R. Civ P. 7, brings this Complaint against Defendants Grease Guard, LLC d/b/a/ Rooftop Solutions (hereafter "Grease Guard") and Patrick Molloy (hereafter "Mr. Molloy") and pleads as follows:

## INTRODUCTION

1.

Mr. Thomas brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), (hereinafter "the FLSA") (1) to recover due but unpaid overtime compensation; (2) an additional like amount as liquidated

damages; and (3) to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Grease Guard does business and maintains a facility in this judicial district; and because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Mr. Thomas is a citizen of the United States and resides within Clayton County, Georgia.

7.

Grease Guard employed Mr. Thomas as a Service Technician in and around the States of Georgia, Tennessee, Alabama and South Carolina from on or about February 13, 2013 until on or about February 14, 2014 (hereafter "the Relevant Time Period").

8.

At all times relevant to this suit, Mr. Thomas has been an "employee" of Grease Guard as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about February 13, 2013 until on or about February 14, 2014, Mr. Thomas was "engaged in commerce" as an employee of Grease Guard as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

Grease Guard is a limited liability company organized under the laws of the State of Illinois.

11.

At all times material hereto, Grease Guard was an "employer" of Mr. Thomas as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

During the Relevant Time Period, Grease Guard was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2013, Grease Guard had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Grease Guard had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Grease Guard had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Grease Guard had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Grease Guard had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2014, Grease Guard had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

At all times material hereto, Grease Guard has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

20.

Grease Guard is subject to the personal jurisdiction of this Court.

21.

Grease Guard may be served with process through its Registered Agent, James Selle, 2410 Vantage Drive, Elgin, Illinois 60124.

22.

Upon information and belief, Mr. Molloy resides within the State of Illinois.

23.

At all times material hereto, Mr. Molloy exercised operational control over the work activities of Mr. Thomas.

24.

At all times material hereto, Mr. Molloy was involved in the day to day operation of Grease Guard.

25.

At all times material hereto, Grease Guard vested Mr. Molloy with supervisory authority over Mr. Thomas.

26.

At all times material hereto, Mr. Molloy exercised supervisory authority over Mr. Thomas.

27.

At all times material hereto, Mr. Molloy scheduled Mr. Thomas' work assignments or supervised the scheduling of Mr. Thomas' working hours.

28.

At all times material hereto, Mr. Molloy exercised authority and supervision over Mr. Thomas' compensation.

29.

At all times material hereto, Mr. Molloy has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

30.

Mr. Molloy is subject to the personal jurisdiction of this Court.

31.

At all times relevant to this suit and while an employee of Grease Guard, Mr. Thomas was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

32.

At all times relevant to this suit and while an employee of Grease Guard, Mr. Thomas was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

33.

At all times relevant to this suit and while an employee of Grease Guard, Mr. Thomas was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

34.

At all times relevant to this suit and while an employee of Grease Guard, Mr. Thomas was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

At all times relevant to this suit and while an employee of Grease Guard, Mr. Thomas was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

36.

During the Relevant Time Period, Mr. Thomas regularly worked more than forty hours per week on behalf of Grease Guard.

37.

Defendants failed to pay Mr. Thomas at one and one half times his regular rate for work he performed in excess of forty hours in a week.

## COUNT I — FAILURE TO PAY OVERTIME

38.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

39.

At all times material hereto, Mr. Thomas has been an employee covered by the FLSA and entitled to the maximum hour protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

40.

During his employment with Defendants, Mr. Thomas regularly worked in excess of forty (40) hours each week.

41.

Defendants failed to pay Mr. Thomas at one and one half times his regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

42.

Defendants willfully failed to pay Mr. Thomas at one and one half times his regular rate for work in excess of forty (40) hours in any week during the Relevant Time Period.

43.

Mr. Thomas is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

44.

As a result of the nonpayment of overtime compensation as alleged above, Mr. Thomas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

As a result of the nonpayment of overtime compensation as alleged above, Mr. Thomas is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Mr. Thomas respectfully prays:

1. That he be awarded an amount to be determined at trial against Defendants, jointly and severally, in unpaid due under the FLSA, plus an additional like amount in liquidated damages;

2. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

|  |  |
|---|---|
| 3100 CENTENNIAL TOWER<br>101 MARIETTA STREET<br>ATLANTA, GEORGIA 30303<br>(404) 979-3171<br>(404) 979-3170 (f)<br>kevin.fitzpatrick@dcbflegal.com<br>charlesbridgers@dcbflegal.com | *DELONG CALDWELL BRIDGERS<br>& FITZPATRICK, LLC*<br><br>*/s/CHARLES R. BRIDGERS*<br>CHARLES R. BRIDGERS<br>GA. BAR NO. 080791<br><br>*/s/ KEVIN D. FITZPATRICK, JR.*<br>KEVIN D. FITZPATRICK, JR.<br>GA. BAR NO. 262375<br><br>**COUNSEL FOR PLAINTIFF** |